AO 440 (Rev. 12/09) Summons in a Civil Action

JUDGE WOOD

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| MICHAEL LAGANA, on behalf of himself and all others similarly situated | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| STEPHEN EINSTEIN & ASSOCIATES, P.C., STEPHEN EINSTEIN, SCOTT MORRIS, et al. | ) |
| *Defendant* | ) |

10 4456

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

SCOTT MORRIS
20 Vesey Street, Suite 1406
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Robert L. Arleo, Esq.
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, New York 12436

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: JUN 0 4 2010

*Signature of Clerk or Deputy Clerk*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x   10 CIV 4456
                                               (KMW)
MICHAEL LAGANA, on behalf of himself and
all others similarly situated,

                    Plaintiff
                                               AMENDED CLASS
                                               ACTION COMPLAINT
                                               AND DEMAND FOR
                                               JURY TRIAL
          -against-

STEPHEN EINSTEIN & ASSOCIATES, P.C., STEPHEN
EINSTEIN, SCOTT MORRIS, JOHN AND JANE DOES
NUMBERS 1 THROUGH 25, SAID PERSONS BEING
NAMED HEREIN AS THE PERSONS WHO ALSO CONTROL
THE POLICIES AND PRACTICES INVOKED BY STEPHEN
EINSTEIN & ASSOCIATES, P.C., and PRECISION
RECOVERY ANALYTICS, INC. f/k/a COLLINS
FINANCIAL SERVICES, INC.,

                    Defendants
------------------------------------------x
```

## I. Preliminary Statement

1. Plaintiff, MICHAEL LAGANA, on his own behalf and on behalf of the class he seeks to represent, brings this action for illegal practices of the above-named Defendants who used false, deceptive and misleading practices in conjunction with attempts to collect alleged debts. Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et. seq. (FDCPA). Plaintiff seeks statutory damages for himself and the class of persons defined herein, costs and attorneys fees.

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. sec. 1331. Venue in this District is appropriate because the primary Defendant maintains its principle place of business here.

## III. Parties

3. Plaintiff Michael Lagana is a natural person who at all times relevant to this complaint resided in the State of New Jersey.

4. Defendant Stephen Einstein & Associates, P.C. (hereinafter "Defendant SEA) is a professional corporation existing pursuant to the laws of the State of New York. The Defendant DEA is engaged in the practice of law. The Defendant SEA maintains a principle place of business located at 20 Vesey Street, Suite 1406, New York, New York. The Defendant SEA is engaged in the business of collecting debts. The Defendant SEA collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant SEA is a "debt collector" as said term is defined in the FDCPA.

5. Defendant Stephen Einstein (hereinafter "Defendant Einstein) is a natural person residing, upon information and

belief, in the State of New York. The Defendant Einstein is an attorney at law duly admitted to practice in the State of New York. Upon information and belief, the Defendant Einstein is the President and sole or majority shareholder of the Defendant SEA. The Defendant Einstein personal controls the policies and practices invoked by the Defendant SEA and is therefore personal liability for the abusive debt collection practices alleged herein. The Defendant Einstein is engaged in the business of collecting debts. The Defendant Einstein collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant Einstein is a "debt collector" as said term is defined in the FDCPA.

6. Defendant Scott Morris (hereinafter "Defendant Morris ) is a natural person residing, upon information and belief, in the State of New York. The Defendant Morris is an attorney at law duly admitted to practice in the State of New York. The Defendant Morris personally controls the policies and practices invoked by the Defendant SEA and is therefore personal liability for the abusive debt collection practices alleged herein. The Defendant Morris is engaged in the business of collecting debts. The Defendant Morris collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant Morris is a "debt collector" as said term is

defined in the FDCPA.

7. The Defendants, JOHN and JANE DOES 1 through 25, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When said true names and capacities are ascertained, Plaintiff will move to further amend this complaint by inserting same.

8. Plaintiff has information and belief and thereon alleged that Defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities. Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant SEA wherein said employees engaged in the unlawful conduct set forth below. Said DOE Defendants personally control the illegal acts, policies, and practices utilized by the Defendant SEA and are, therefore, personally liable for all of the FDCPA violations alleged hereinafter.

9. Defendant Precision Recovery Analytics, Inc. f/k/a/ Collins Financial Services, Inc. (hereinafter "Defendant PRA) is a corporation existing pursuant to the laws of the State of Texas. The Defendant PRA is registered as a "Foreign Business Corporation" with the New York Secretary of State. The Defendant PRA maintains a principle place of business located at 2101 W. Ben White Blvd., Ste. 103, Austin, Texas. The Defendant PRA is engaged in the

business of collecting debts. The Defendant PRA collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant PRA is a "debt collector" as said term is defined in the FDCPA. The Defendant PRA is named as a Defendant herein as Defendant PRA is vicariously liable for all of the FDCPA allegations alleged set forth herein.

### IV. Facts Related To The Named Plaintiff

10. The Plaintiff allegedly incurred a debt to Washington Mutual Bank.

11. At a time unknown to the Plaintiff, said alleged debt was assigned to any entity doing business as Collins Financial Services, Inc.

12. Said alleged obligation is a "debt" as defined in the FDCPA.

13. In the attempt to collect said alleged debt the Defendants, on February 26, 2010, filed a lawsuit in the Civil Court of the City of New York, County of Kings. A copy of the summons and complaint, and verification in support thereof, is attached hereto as Exhibit "A".

14. At the time said complaint was filed, the Defendant was not a resident of Kings County, New York nor did the Defendant sign the contract relevant to the underlying debt in Kings County.

15. The FDCPA establishes a duty of reasonable inquiry upon attorneys signing any debt collection document, including a summons and/or complaint and verification in support thereof, issued in conjunction with the attempt to collect an alleged consumer debt, to conduct an adequate and complete review of the entire file maintained by the original creditor prior to signing/filing and issuing/serving said debt collection document.

16. The FDCPA requires that attorneys who sign any debt collection documents, including summons' and/or complaints and verifications in support thereof, are responsible for exercising their professional judgment concerning the existence of a valid debt before signing/filing and issuing/serving any debt collection document.

17. The herein summons and complaint and verification were served upon the Plaintiff for the purpose of falsely implying that an attorney at law had provided a meaningful review of the documents relevant to the subject Washington Mutual Bank account when, in fact, no attorney associated with the Defendant SEA reviewed such documents or otherwise engaged in the acts required to satisfy the concept of "meaningful attorney review" as same is required by the FDCPA.

18. Despite the implication of said meaningful attorney review, and upon information and belief, no attorney associated with the Defendant SEA reviewed any contract between the Plaintiff and Washington Mutual Bank, nor any purchase invoices used by the Plaintiff, nor any of the billing/banking statements allegedly sent by Washington Mutual Bank to the Plaintiff, nor any other documents contained in the actual file maintained by Washington Mutual Bank as said actual file was never sent to the Defendants prior to the commencement of the New York City Civil Court Action against the Plaintiff named herein.

19. Upon information and belief, the only information reviewed by persons employed by and/or associated with the Defendant SEA was conveyed via an electronic transmission sent by Collins Financial Services, Inc.

20. Upon information and belief, the information contained in the electronic transmission referenced in paragraph 19 heretofore was limited to the Plaintiff's name, his address, his social security number, his telephone number, the account number, the account balance and the amount alleged to be past due. The review of this information falls short of the review which is legally required by the FDCPA before an attorney can sign a summons and/or complaint and a verification in support thereof, file same with a court of law and serve same upon a consumer.

<u>Policies and Practices Complained Of</u>

21. It is the policy and practice of the Defendants to execute summons, complaints and verifications in support thereof and subsequently file and serve said summons, complaints and verifications in support thereof without first engaging in any of the meaningful attorney review of the original creditor's file documents as required by the FDCPA.

## VI. Class Allegations

22. This action is brought on behalf of a class of persons with addresses in the State of New York and the State of New Jersey who received a summons and complaint and affirmation/verification from the Defendants in regard to lawsuits commenced in the State of New York and the State of New Jersey against said class of persons based upon accounts purchased by Collins Financial Services, Inc.

23. The class period encompasses one year prior to the filing of the complaint in this action through the time an order of final class certification is obtained.

24. The number of persons who are members of the class is, upon information and belief, in excess of 100 persons. Therefore, the class is so numerous that joinder of all members of the class is impractical.

25. There are questions of law and fact common to the class, which common issues predominate over any issues involving

only individual members of the class. The principal issues are whether the Defendants named herein violated the FDCPA by using false, deceptive and misleading debt collection means.

26. The Plaintiff's claims are typical of those of the members of the class defined herein. All are based on the same facts and legal theories. Therefore, the same course of violative conduct and legal theories are involved herein.

27. The Plaintiff will fairly and adequately protect the interests of the class defined herein. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the herein action.

28. Certification of the class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to the class defined herein predominate over any questions affecting only individual members of the class and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

VII.   Class Claims for Relief

29. The Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. The Defendants violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The Defendants violated 15 U.S.C. sec. 1692f by using unfair practices in an attempt to collect alleged debts.

## VIII. Individual Claim for Relief

30. The Defendant further violated the FDCPA by commencing legal action against the Plaintiff in a judicial district other than where the Plaintiff signed the contract sued upon in said legal action and in a judicial district other than where the Plaintiff resided at the time said legal action was commenced, all in violation of 15 U.S.C. sec. 1692i(2)(A) and (B).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the class for:

A. Certification of the class pursuant to Rule 23(b)(3).
B. Statutory damages for the Plaintiff pursuant to 15 U.S.C.A. sec. 1692k.
C. Statutory damages for the members of the class pursuant to 15 U.S.C. sec. 1692k.
D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

E. Such other and further relief as may be just and proper.

Dated: Haines Falls, New York
       June 8, 2010

                                               /s/
                              ROBERT L. ARLEO, ESQ.
                              (RA 7506)
                              Attorney for the Plaintiff
                              164 Sunset Park Road
                              Haines Falls, New York 12436
                              (518) 589-5264

Dated: Fresh Meadows, New York
       June 8, 2010

                                             /s/
                              WILLIAM F. HORN, ESQ.
                              (WH 1070)
                              Attorney for the Plaintiff
                              188-01B 71ST Crescent
                              Fresh Meadows, New York 11365
                              (718) 785-0543

DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff demands trial by jury in this action.

_____
Robert L. Arleo, Esq.
Attorney for the Plaintiff

EXHIBIT A

INDEX №

Date Purchased/Fecha de comprar:

CONSUMER CREDIT TRANSACTION. IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS. DON'T THROW IT AWAY! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED) IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING WILL BE HURT! YOU MAY HAVE TO PAY OTHER COSTS TOO! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (Personal Appearance) WILL HELP YOU!

| CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF KINGS | SUMMONS 0020627 |
|---|---|
| Collins Financial Services, Inc.<br>Plaintiff,<br>vs.<br>Michael Lagana<br>DEF.#1 - 2006 Benson Avenue, Apt # 4D, Brooklyn NY 11214-4824<br><br>Defendant(s), | Plaintiff's Residence<br>7500 Rialto Blvd., Building 1, Suite 100<br>Austin TX 78735<br><br>The basis of the venue is:<br>Defendant's Residence |



YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of KINGS at the office of the Clerk of said Court, at 141 LIVINGSTON STREET, BROOKLYN NY 11201 in the county of KINGS City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $3,573.38 with interest thereon from 7/31/2008 together with the cost of this action.

TRANSACCION de CREDITO del CONSUMIDOR !!IMPORTANTE!! USTED HA SIDO DEMANDADO! ESTA ES UN DOCUMENTO LEGAL: UNA CITACION. !NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION, LE PUEDEN COFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

| CORTE CIVIL DE LA CIUDAD DE NUEVA YORK CONDADO DE KINGS | CITACION |
|---|---|
| Collins Financial Services, Inc.<br>Plaintiff,<br>vs.<br>Michael Lagana<br>DEF.#1 - 2006 Benson Avenue, Apt # 4D, Brooklyn NY 11214-4824<br><br>Defendant(s), | Resedencia de Demandante:<br>7500 Rialto Blvd., Building 1, Suite<br>Austin TX 78735<br><br>esta Corte es:<br>Residencia del Demandado | FILED<br>FEB 26 2010<br>CIVIL COURT<br>KINGS COUNTY |

USTED(ES) ESTA(N) CITADO(S) a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de KINGS a la oficina del Jefe Principal de dicha Corte en 141 LIVINGSTON STREET, BROOKLYN NY 11201 en Condado de KINGS Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y a presentar su respuesta a la demanda anexada al Jefe de la Corte; si usted no comparece a contestar, se rendira sentencia contra usted en la suma de $3,573.38 con intereses en dicha cantidad desde el dia 7/31/2008, incluyendo las costas de esta causa.

| Stephen Einstein & Associates, P.C.<br>Attorneys for the Plaintiff<br>20 Vesey Street, Suite 1406<br>New York, N.Y. 10007, (212) 267-3550 | Stephen Einstein & Associates, P.C.<br>Abogados del Demandante<br>20 Vesey Street, Suite 1406<br>New York, N.Y. 10007, (212) 267-3550 |

NOTE: The law provides that:
- (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within Twenty days after such service; or
- (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed Thirty days after proof of service is filed with the Clerk of the Court within which to appear and answer.

NOTA: La ley provee que:
- (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de VIENTE dias despues de la entrega; o
- (b) Si esta citacion es entregada a otra persona que no fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros mediosque no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparacer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

## VERIFIED COMPLAINT

Plaintiff, by its undersigned attorneys, complaining of the Defendant(s), respectfully alleges that:

1. Plaintiff is an active foreign entity conducting business in the state of TX. **Plaintiff is a debt collector licensed by the NYC Department of Consumer Affairs, License #1267489.**
2. Upon information and belief, Defendant(s) is/are resident(s) of the State of New York, County of KINGS.

### AS AND FOR A FIRST CAUSE OF ACTION

3. The Defendant(s) hereto entered into a Credit Agreement with Plaintiff's predecessor in interest, Washington Mutual Bank, bearing account # 4465680300555306.

4. Upon information and belief, Plaintiff's predecessor in interest duly performed all conditions on its part under the agreement.

5. On or about 08/29/2008 Plaintiff purchased a pool of charged-off accounts pursuant to Purchase and Sale Agreement and Bill of Sale. The Plaintiff thereafter took by assignment all the rights, title and interest to receive the monies on the account #4465680300555306 due pursuant to the said agreement and is the legal assignee of the original creditor.

6. Upon information and belief, Plaintiff mailed statements to the Defendant(s) advising of said balance due and demanding payment. No payment has been forthcoming.

7. Defendant(s) defaulted in payment and pursuant to the terms of the agreement now owe a balance of $3,573.38 as of 7/31/2008, no part of which has been paid despite due demand therefore.

### AS AND FOR A SECOND CAUSE OF ACTION

8. That heretofore, upon information and belief, Plaintiff's predecessor in interest rendered to Defendant(s) monthly, full and truth accounts of the indebtedness owing by the Defendant(s) as a result of the above Agreement, in an amount as hereinabove set forth, which account statements were delivered to and accepted without objection by the Defendant(s) resulting in an account stated in the sum of $3,573.38 as of 7/31/2008, no part of which has been paid despite due demand therefore.

WHEREFORE, Plaintiff demands judgment against Defendant(s) in the sum of $3,573.38 with interest from 7/31/2008 plus costs and disbursements.

Stephen Einstein & Associates, P.C.
Department of Consumer Affairs License #1249589
Attorneys for the Plaintiff (Abogados del Demandante)
20 Vesey Street, Suite 1406
New York, N.Y. 10007 (212) 267-3550

### ATTORNEY VERIFICATION

VERIFICATION: The undersigned, affirms under penalties of perjury, that he is a member of the firm appearing as attorney of record for the Plaintiff, has read this complaint and knows its contents, and that the same is alleged upon information and belief and believes it to be true. Affirmant says that the grounds of his belief are correspondence furnished to him by the plaintiff and interviews with officers of the Plaintiff. This verification is made by affirmant because Plaintiff's place of business is located outside the county where affirmant maintains his law practice. Affirmed this 14th day of January, 2010

Stephen Einstein/ Scott Morris
S.E ACCT. NO. 93601.001 000
TX332

CIVIL COURT OF THE CITY OF NEW YORK
TRIBUNAL CIVIL DE LA CIUDAD DE NUEVA YORK
COUNTY OF / CONDADO DE ___Kings___

INDEX (LIBRO) № 20627/10

Collins Financial Services Inc
                              Plaintiff/Demandante,
vs.

                              Defendant(s)/Demandando,
___Michael Lagana___

ATTENTION: A SUMMONS AND COMPLAINT HAS BEEN FILED ON A CONSUMER CREDIT TRANSACTION ASKING THE COURT TO RENDER A JUDGMENT AGAINST YOU. YOU MAY WISH TO CONTACT AN ATTORNEY. YOU MUST ANSWER AT THE LOCATION AND WITHIN THE TIME SPECIFIED ON THE SUMMONS. IF YOU DO NOT APPEAR IN COURT THE COURT MAY GRANT A JUDGMENT AGAINST YOU. IF A JUDGMENT IS GRANTED AGAINST YOU YOUR PROPERTY CAN BE TAKEN, PART OF YOUR PAY CAN BE TAKEN FROM YOU GARNISHEED), AND YOUR CREDIT RATING CAN BE AFFECTED. IF YOU HAVE NOT RECEIVED THE SUMMONS AND COMPLAINT GO TO THE CIVIL COURT CLERK'S OFFICE SPECIFIED ON THE RETURN ADDRESS AND BRING THIS NOTICE WITH YOU.

ATENCION: BASADO EN UNA TRANSACCION DE CREDITO AL CONSUMIDOR, SE HA SOMETIDO UNA QUERELLA Y UNA CITACION JUDICIAL ANTE EL TRIBUNAL CIVIL, SOLICITANDO QUE SE EMITA UN FALLO JUDICIAL EN CONTRA SUYA, POR LO QUE USTED QUERRA COMUNICARSE CON UN ABOGADO. USTED TIENE QUE SOMETER UNA RESPUESTA ANTE EL TRIBUNAL, EN EL LUGAR Y EL MOMENTO INDICADO EN LA CITACION. SI NO COMPARECE ANTE EL TRIBUNAL, SE PUEDE EMITIR UN FALLO JUDICIAL EN SU CONTRA DE SERASI, SUS PERTENENCIAS PUEDEN SER EMBARGADAS, PARTE DE SU SALARIO PUEDE SER EMBARGADO Y LA CLASIFICACION DE SU CREDITO PUEDE SER AFECTADA NEGATIVAMENTE. SI NO HA RECIBIDO LA CITACION Y LA QUERELLA, DIRIJASE AL DESPACHO DEL SECRETARIO JUDICIAL INDICADO EN LA DIRECCION DEL REMITENTE Y TRAIGA ESTA NOTIFICACION CON USTED.