UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

MICHAEL LAGANA, et al.                                    **10 cv 4456 (KMW)**

                          Plaintiffs,

          -against-                                       Oral Argument Requested

STEPHEN EINSTEIN & ASSOCIATES, P.C., et al.

                          Defendants.

-------------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## THE ATTORNEY DEFENDANTS' MOTION TO DISMISS

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**150 East 42nd Street**
**New York, New York 10017**
**(212) 490-3000**

4230633.2

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................... 2

ARGUMENT.................................................................................................................................... 4

I. THE "MEANINGFUL REVIEW" CLAIM MUST BE DISMISSED AS
  A MATTER OF LAW ................................................................................................................ 5

   A. The FDCPA Does Not Require The Attorney To Possess Or Review A Debtor's
  Original Debt File Before Commencing A Debt Collection Action .............................. 5

   B. An Attorney Does Not Have A Duty To Independently Confirm A Debt Before
  Commencing A Debt Collection Action ........................................................................ 7

II. ALL CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE FACIALLY
  PLAUSIBLE CLAIMS............................................................................................................ 11

   A. Plaintiff's claim for violation of Section 1692e of the FDCPA must be dismissed ..... 11

   B. Plaintiff's claim for violation of Section 1692f of the FDCPA must be dismissed...... 13

III. PLAINTIFF'S INDIVIDUAL CLAIM FOR VIOLATION OF
  SECTIONS 1692I(2)(A) AND (B) MUST BE DISMISSED ........................................... 14

CONCLUSION............................................................................................................................... 16

# TABLE OF AUTHORITIES

## FEDERAL CASES

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009)...................................................................................................4, 13

Beatie v. D.M. Collections, Inc.,
754 F. Supp. 383 (D. Del. 1991)............................................................................................8

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)................................................................................................................4

Bleich v. Revenue Maximization Group, Inc.,
233 F. Supp. 2d 496 (E.D.N.Y. 2002) ..................................................................................8

Blue Tree Hotels Investment (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.
369 F.3d 212 (2d Cir. 2004)...................................................................................................3

Clark v. Capital Credit & Collection Services,
460 F.3d 1162 (9th Cir. Or. 2006) ........................................................................................8

Deere v. Javitch,
413 F. Supp. 2d 886 (S.D. Ohio 2006) .................................................................................6

Ducrest v. Alco Collections, Inc.,
931 F. Supp. 459 (M.D. La. 1996).........................................................................................7

Fisher v. Asset Acceptance, LLC,
2005 U.S. Dist. LEXIS 14902 (N.D. Ill. July 26, 2005)....................................................7, 9

Gargiulo v. Forster & Garbus, Esqs.,
651 F. Supp. 2d 188 (S.D.N.Y. 2009)...............................................................................11, 12

Ghartey v. Farnsworth, et al.,
2010 U.S. Dist. LEXIS 3327 (S.D.N.Y. 2010)..................................................................4, 13

Hadges v. Yonkers Racing Corp.,
48 F.3d 1320 (2d Cir. 1995)...............................................................................................8, 10

Harvey v. Great Seneca Finance Corp.,
453 F.3d 324 (6th Cir. 2006) .................................................................................................5

Hess v. Cohen & Slamowitz, LLP,
2010 U.S. Dist. LEXIS 1183 (N.D.N.Y. 2010) ...................................................................14

Jenkins v. Centurion Capital Corp.,
    2009 U.S. Dist. LEXIS 98123 (N.D. Ill. Oct. 20, 2009)......................................................6, 7

Katz v. Asset Acceptance, LLC,
    2006 U.S. Dist. LEXIS 86634, 2006 WL. 3483921 .............................................................14

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991)................................................................................................3, 4

Krawczyk v. Centurion Capital Corp.,
    2009 U.S. Dist. LEXIS 12204 (N.D. Ill. Feb. 18, 2009) ........................................................5

Miller v. Wolpoff & Abramson, LLP, et al.,
    321 F. 3d 292 (2nd Cir. 2003).............................................................................7, 8, 9, 10, 11

Miller v. Wolpoff & Abramson, LLP, et al.,
    471 F. Supp. 2d 243 (E.D.N.Y. 2007) ...................................................................................7

Miller v. Upton, Cohen & Slamowitz, et al.
    687 F. Supp. 2d 86 (E.D.N.Y. 2009) ...........................................................................8, 9, 10

Rivera v. MAB Collections, Inc., 682 F. Supp. 174 (W.D.N.Y. 1988) .......................................14

Sembler v. Attention Funding Trust, et al., 2009 U.S. Dist. LEXIS 88239 (E.D.N.Y.
    2009) .......................................................................................................................................13

Subaru Distributings Corp. v. Subaru of America, Inc., 425 F.3d 119 (2nd Cir. 2005) ................5

## FEDERAL STATUTES

Fair Debt Collection Practices Act ("FDCPA"),
    15 U.S.C. § 1692, et seq .........................................................1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14

This memorandum is submitted on behalf of defendants Stephen Einstein & Associates, P.C., Stephen Einstein, and Scott Morris (collectively, "Attorney Defendants") in support of their motion to dismiss plaintiff Michael Lagana's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### PRELIMINARY STATEMENT

This is a putative class action, arising out of the Attorney Defendants' legitimate efforts to collect an outstanding credit card debt from the named plaintiff. Mr. Lagana does not dispute the debt, but instead challenges the debt collection process under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

In a wholly conclusory manner, plaintiff contends that the Attorney Defendants: (a) did not satisfy their "reasonable duty of inquiry" or conduct a "meaningful attorney review" required under section 1692e(3) of the FDCPA; (b) violated section 1692e of the FDCPA by "using false, deceptive and misleading representations" in an attempt to collect alleged debts; (c) violated section 1692f of the FDCPA "by using unfair practices;" and (d) violated sections 1692i(2)(A) and (B) of the FDCPA by commencing the underlying collection action in a district where the plaintiff neither lived nor signed the contract at issue.

The plaintiff cannot sustain his claims because the FDCPA does not require an attorney to possess the documents necessary to substantiate a debt before commencing a debt collection lawsuit. Nor does the FDCPA require an attorney to independently confirm the validity of a debt before commencing a lawsuit. Because the gravamen of plaintiff's amended complaint rests on the allegation that the Attorney Defendants violated the FDCPA by failing to review the plaintiff's original debt file – and no such requirement is actually imposed by the FDCPA – plaintiff cannot succeed on his "meaningful review" claim as a matter of law.

Furthermore, the amended class action complaint does not withstand the "plausibility" pleading requirements fashioned by the United States Supreme Court. There are simply insufficient factual allegations surrounding the alleged wrongdoing of the Attorney Defendants to rise from a "conceivable" claim to a "plausible" claim.

Finally, plaintiff's allegation that the underlying debt collection action was initiated in an improper venue must also fail because there are no allegations to support the Attorney Defendants' intent to be unfair, harassing, and deceptive by filing suit in Kings County, New York.  Without resorting to extrinsic evidence, it can be shown as a matter of law that the Attorney Defendants acted in good faith and immediately discontinued the action upon being advised of plaintiff's alleged residence in New Jersey.

For all of the foregoing reasons, defendants Stephen Einstein & Associates, P.C., Stephen Einstein, and Scott Morris respectfully request that the Court enter an order dismissing plaintiff's amended complaint in its entirety.

## STATEMENT OF FACTS[1]

Plaintiff's amended class action complaint is replete with conclusory statements, which are insufficient to survive a motion to dismiss. Aside from allegations specific only to plaintiff's individual claim for relief, plaintiff barely articulates any factual allegations against the Attorney Defendants. To that end, the following are plaintiff's comprehensive factual allegations against the Attorney Defendants:

1.  Plaintiff allegedly incurred a debt to Washington Mutual Bank, which was assigned to an entity doing business as Collins Financial Services, Inc. (Porter Dec. Ex. A ¶¶ 10-11).

---

[1]For purposes of this motion only, the Attorney Defendants accept as true the allegations in plaintiff's amended class action complaint.

2.      Defendants filed a lawsuit in the Civil Court of the City of New York, County of Kings on February 26, 2010 ("Underlying Action") in an attempt to collect the debt from the plaintiff. (Porter Dec. Ex. A ¶ 13).

3.      At the time the Underlying Action was commenced, the plaintiff was allegedly not a resident of Kings County nor did he sign the underlying contract in Kings County. (Porter Dec. Ex. A ¶¶ 14, 20).

4.      The plaintiff was served with the summons and complaint in the Underlying Action on or about March 12, 2010. (Porter Dec. Ex. B).

5.      The affidavit of service signed by the process server who served the plaintiff avers that, "Deponent spoke with Ms. Nina Klimon, A Nei, at Apt. 4F at [2006 Benson Avenue, Apt. 4D, Brooklyn, New York 11214-4824] who stated to deponent that the said defendant [Mr. Lagana] lived there." (Porter Dec. Ex. B).[2]

6.      The complaint in the Underlying Action alleged that the plaintiff owed $3,573.38 to Washington Mutual Bank, bearing account number 446580300555306. (Porter Dec. Ex. C).

7.      Upon information and belief, the Attorney Defendants reviewed only electronic information sent by Collins Financial Services, Inc., which included the plaintiff's name, address, social security number, telephone number, account number, account balance and amount alleged to be past due. (Porter Dec. Ex. A ¶ 20).

---

[2] The Attorney Defendants respectfully request the court take judicial notice of the public documents from the Underlying Action. Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (noting that documents filed with the court are subject to judicial notice, and affirming the Rule 12(b)(6) dismissal of securities fraud case where the district court considered documents filed with the Securities and Exchange Commission without expressly taking judicial notice of them).

4230633.2

8. Immediately after being advised of the plaintiff's alleged residence in New Jersey, and less than two months after initiating the action, the Attorney Defendants filed a Notice of Discontinuance to discontinue the Underlying Action. (Porter Dec. Ex. D).[3]

Plaintiff's sparse allegations – and lack thereof – are insufficient to sustain a claim against the Attorney Defendants. Notably, nowhere does the plaintiff dispute the debt. In fact, plaintiff expressly concedes that the debt was assigned to Collins Financial Services, Inc. See (Porter Dec. Ex. A ¶¶ 10, 11).

## ARGUMENT

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff in any case must allege enough facts to state a claim that is "facially plausible" as opposed to merely conceivable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950 (citations omitted). Moreover, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Twombly, 550 U.S. at 557; see also Ghartey v. Farnsworth, et al., 2010 U.S. Dist. LEXIS 3327 * 7-8 (S.D.N.Y. 2010)[4] (granting a motion to dismiss where the plaintiff failed to establish a plausible violation of the FDCPA).

---

[3] Since the Notice of Discontinuance is a public document, the Attorney Defendants request the Court take judicial notice of it. Kramer, 937 F.2d at 774.

[4] All unreported decisions cited within the instant Memorandum of Law are attached to the accompanying Declaration of Richard Porter, dated November 23, 2010 as "Exhibit F."

4

Finally, "in determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2nd Cir. 2005).

## I.   THE "MEANINGFUL REVIEW" CLAIM MUST BE DISMISSED AS A MATTER OF LAW

The gravamen of plaintiff's amended complaint is that the Attorney Defendants did not conduct a "meaningful review" of the plaintiff's original debt file prior to commencing the Underlying Action. However, pursuant to the well established law, no such review is required by the FDCPA. The issue of what level of attorney involvement is required before an attorney puts his or her name on a debt collection letter is vastly different from the issue of what evidence must be in an attorney's possession before commencing a lawsuit. Although there are several cases that address the level of "meaningful attorney involvement" required before sending a debt collection *letter*, the courts are clear that the involvement required before commencing a debt collection *action* does not rise to that same level.

### A.   The FDCPA Does Not Require The Attorney To Possess Or Review A Debtor's Original Debt File Before Commencing A Debt Collection Action

As a threshold matter, several courts have held that an attorney's lack of physical evidence to prove a debt is not actionable under the FDCPA. See Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 332 (6th Cir. 2006) (holding that a law firm's filing of a lawsuit without the immediate means of proving the debt owed did not constitute a deceptive practice under section 1692e since the individual did not allege that the debt collector and the law firm attached a false document to the complaint, nor even that their claims regarding the debt were false); Krawczyk v. Centurion Capital Corp., 2009 U.S. Dist. LEXIS 12204 (N.D. Ill. Feb. 18, 2009) ("Federal courts have recognized that filing a collection lawsuit without the immediate means of proving

4230633.2

the debt does not violate the FDCPA because a defendant is entitled to request more information

or details about a plaintiff's claim"); Deere v. Javitch, 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006)

(finding no violation of the FDCPA where the defendant law firm commenced a debt collection

action without the means of proving the existence or the amount of the debt owed). Therefore,

plaintiff's claim that the Attorney Defendants violated the FDCPA by purportedly failing to

review Mr. Lagana's "debt file" is simply not viable because there is no such rigid requirement.

Even if there were a specific requirement that a debt file must be reviewed, plaintiff still

could not state a claim under the FDCPA because the Attorney Defendants acted in good faith.

Where a debt collector knowingly files suit without evidence to substantiate the debt, there is no

violation of the FDCPA. Jenkins v. Centurion Capital Corp., 2009 U.S. Dist. LEXIS 98123

(N.D. Ill. Oct. 20, 2009).[5] In Jenkins, the court reasoned that "the issue before this Court is not

whether Defendants could have ultimately prevailed in the State Court Lawsuit against Plaintiff.

Rather, the issue is whether Defendants had a good faith basis to file that suit." Id. at 8. The

Jenkins court then stated that since the plaintiff did not dispute the debt and did not dispute the

fact that Centurion purchased the debt from Capital One, the undisputed facts demonstrated that

the defendant had a good faith basis for commencing the debt collection lawsuit. Id. at 8-9.

Like Jenkins, plaintiff here does not dispute the debt. See generally (Porter Dec. Ex. A).

And plaintiff expressly concedes that the debt *was* assigned to Collins Financial Services, Inc.

(Porter Dec. Ex. A ¶ 11) ("At a time unknown to the Plaintiff, said alleged debt was assigned to

an entity doing business as Collins Financial Services, Inc."). Thus, plaintiff's accession to the

core facts demonstrates the Attorney Defendants' good faith basis to file suit just like the

---

[5] Although the defendant in Jenkins moved for summary judgment as opposed to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the case is still applicable because the amended complaint does not deny the existence of the debt or that the debt was assigned to Collins Financial Services, Inc. In fact, the plaintiff expressly concedes that the debt *was* assigned to Collins Financial Services, Inc. (Porter Dec. Ex. A ¶ 11).

4230633.2

defendant attorneys in <u>Jenkins</u>. <u>Jenkins</u>, 2009 U.S. Dist. LEXIS 98123 at 8-9. Accordingly, plaintiff's claim that the plaintiff's "actual [debt] file was never sent to the Defendants" is of no significance.

As such, plaintiff has not pled any allegations that the Attorney Defendants' actions were false, deceptive, misleading, unfair, or unconscionable as defined by the FDCPA. Thus, plaintiff cannot sustain any claim under section 1692e or the meaningful review doctrine.

### B.    An Attorney Does Not Have A Duty To Independently Confirm A Debt Before Commencing A Debt Collection Action

Contrary to plaintiff's contention, the Second Circuit has not established a standard of required attorney review before commencing a debt collection lawsuit. Conversely, other courts have held that the FDCPA does not require an attorney to conduct an independent investigation of its clients' claims before commencing a debt collection lawsuit.   See <u>Fisher v. Asset Acceptance, LLC</u>, 2005 U.S. Dist. LEXIS 14902, * 5-7 (N.D. Ill. July 26, 2005) (rejecting contentions that law firm violated FDCPA because it was required to conduct its own independent research regarding the validity of a client's claim prior to filing a state court action); <u>Ducrest v. Alco Collections, Inc.</u>, 931 F. Supp. 459, 462 (M.D. La. 1996) ("A debt collector should be able to rely on the representation and implied warranty from its client that the amount was due under either the lease or the law. The FDCPA does not require an independent investigation of the information provided by clients when a debt collector tries to collect a debt").

Plaintiff will likely rely on the Eastern District Court's decision on remand from the Second Circuit in <u>Miller v. Wolpoff & Abramson, LLP</u>, et al., 321 F.3d 292, 298 (2nd Cir. 2003) ("Miller I"), *remanded to* 471 F. Supp. 2d 243 ("Miller II") (denying UCS's motion for summary

7

judgment), *sub nom.* <u>Miller v. Upton, Cohen & Slamowitz</u>, 687 F. Supp. 2d 86 (E.D.N.Y. 2009) ("Miller III") (finding defendant UCS in violation of the FDCPA after a bench trial).[6]

In the foregoing case, Arthur Miller commenced an action against, <u>inter alia</u>, Upton Cohen & Slamowitz ("UCS") which alleged, <u>inter alia</u>, that UCS falsely represented that debt collection letters "meaningfully came from an attorney."[7] <u>Miller I</u>, 321 F.3d at 295. After UCS obtained summary judgment on all claims, Miller appealed to the Second Circuit. The Second Circuit's February 23, 2003 decision upheld all of the District Court's dismissals except for Miller's claim that UCS failed to make a "meaningful attorney review" of the file before sending debt collection *letters*. <u>Id.</u> at 307 (emphasis added). The Second Circuit determined there was a question of fact as to UCS's meaningful review of the collection *letters* and remanded for further proceedings on that sole issue. <u>Id.</u> at 311.

Indeed, while the Second Circuit expressly declined to declare a specific minimum standard for "meaningful review" before sending a debt collection letter, the Court did not address even the possibility of a "meaningful review" standard before commencing a debt collection lawsuit. <u>See id.</u> at 304. To create a "meaningful review" requirement before commencing a lawsuit would alter the well established rule, applicable to all types of litigation: an attorney is entitled to rely on the objectively reasonable factual representations of a client. <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1329-30 (2d Cir. 1995); <u>see also, Clark v. Capital Credit & Collection Servs.</u>, 460 F.3d 1162, 1174 (9th Cir. Or. 2006) (citing <u>Bleich v. Revenue Maximization Group, Inc.</u>, 233 F. Supp. 496, 500-01 (E.D.N.Y. 2002); <u>Beatie v. D.M. Collections, Inc.</u>, 754 F. Supp. 383, 392 (D. Del. 1991)) (attorneys are "entitled to rely on

---

[6] Even if the Court is persuaded by plaintiff's interpretation of <u>Miller III</u>, the Attorney Defendants submit that <u>Miller III</u> is not binding authority on this Court.

[7] Specifically, Miller alleged that defendant USC violated Section 1692(e)(3) of the FDCPA by sending a debt collection letter to Miller, purporting to be from an attorney without "meaningful attorney involvement." <u>See</u> 15 U.S.C. § 1692e(3).

4230633.2

their client's statements to verify the debt."); Fisher, supra, at 2005 U.S. Dist. LEXIS 14902 at *
5-7. Thus, while debt collectors may be subject to a "meaningful review" requirement before
sending a debt collection letter, the Second Circuit has not even suggested that the standard for
initiating litigation should be modified in debt collection cases.

Moreover, in declining to set a standard before sending a debt collection letter, the
Second Circuit stated:

> [w]hile plaintiff asks us to declare a minimum standard requiring
> an attorney to review a copy of a the contract, a credit report, and a
> full payment history or statement of account to satisfy Colomon's
> requirement of meaningful attorney involvement, we decline to do
> so on the record here, in part because there may be circumstances
> where, following discovery, it becomes clear that the attorney's
> familiarity with the client's contracts and practices would negate
> the need to review some if not all of the documents plaintiff seeks
> to require.

Miller I, 321 F. Supp 3d at 304. Thus, even if debt collectors are subject to some type of
heightened "meaningful review" requirement before sending a debt collection letter, the Second
Circuit has refused to declare a failure to review certain documents as a *per se* violation of the
FDCPA. Accordingly, there is no rigid "meaningful review" standard.

Further, in its opinion after a bench trial, Miller III found defendant UCS liable for
violation of the FDCPA. However, like the Second Circuit in Miller I, Miller III did not establish
a standard for the "meaningful attorney review" required before commencing a lawful debt
collection *lawsuit*. Miller III made clear that the debt collector in that specific case failed to
exercise the general and basic professional requirements bestowed upon *all attorneys* who
commence *any type* of litigation. Miller III, 687 F. Supp. 2d at 98 ("*It cannot be said that [UCS]
has undertaken a level of review sufficient to satisfy even the most general requirements
applicable to attorney conduct*, let alone the more focused review requirements established by

the FDCPA") (emphasis added). Miller III (and all of its predecessor courts) did not impose a heightened duty on attorneys to conduct a "meaningful attorney review" of a debt collection file prior to commencing a debt collection action.

Here, plaintiff makes no allegations that the Attorney Defendants failed to rely on the reasonable representations of their client. Rather, plaintiff concedes that the Attorney Defendants satisfied the requirements of the FDCPA because the amended complaint states the Attorney Defendants received information about plaintiff's debt electronically from Collins Financial Services, Inc. (Porter Dec. Ex. A ¶¶ 19, 20) ("Attorney Defendants reviewed only electronic information sent by Collins Financial Services, Inc., which included the Plaintiff's name, address, social security number, telephone number, account number, account balance and amount alleged to be past due"). Although plaintiff misinterprets the Miller cases to apply a rigid meaningful review requirement on debt collectors before commencing a debt collection action, no such requirement actually exists. Miller I, 321 F. Supp 3d at 304; see Miller III, 687 F. Supp. 2d at 98.

Therefore, since an attorney is entitled to rely on a client's reasonable representations before commencing a lawsuit, the Attorney Defendants properly relied on the information provided by their client, Collins Financial Services, Inc. Hadges, 48 F.3d at 1329-30. And plaintiff's "meaningful review" claim fails as a matter of law.

Even if a "meaningful review" requirement applied to the commencement of debt collection actions – which it does not – plaintiff still fails to state a plausible claim for violation of the FDCPA. In support of his claim, plaintiff contends that the Attorney Defendants did not "review any contract . . . purchase invoice . . . billing/bank statements . . . nor any other documents contained in the actual file maintained by Washington Mutual Bank." (Porter Dec.

10

Ex. A ¶ 18). As the Second Circuit expressly declined to set a minimum standard for "meaningful attorney review," those allegations alone, without any else, are insufficient to state a claim for violation of the FDCPA. Miller I, 321 F. Supp 3d at 304.

## II.   ALL CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE FACIALLY PLAUSIBLE CLAIMS

### A.   Plaintiff's claim for violation of Section 1692e of the FDCPA must be dismissed

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.   Plaintiff contends, in a wholly conclusory fashion, that the Attorney Defendants violated section 1692e by "using false, deceptive and misleading representations in an attempt to collect alleged debts." (Porter Dec. Ex. A ¶ 29.a.). Although not specifically alleged, for purposes of this motion, the Attorney Defendants assume that the alleged "false, deceptive, and misleading representations" refer to the Attorney Defendants' alleged failure to conduct a "meaningful attorney review" of the plaintiff's file.

Even assuming the allegations in the amended complaint as true, plaintiff fails to state a cause of action. In a similar case, the plaintiff sued the defendant debt collector law firm for violation of the FDCPA, and the court granted the attorney defendants' motion to dismiss for failure to plead a plausible claim. Gargiulo v. Forster & Garbus, Esqs., 651 F.Supp.2d 188, 2009 U.S. Dist. LEXIS 81323 (S.D.N.Y. 2009).

In Gargiulo, the plaintiff alleged that he was never served with the summons and complaint in the debt collection lawsuit since the affidavit of service stated that process was left with an individual who resided in apartment 3C of plaintiff's apartment building, and the plaintiff resided in apartment 6A. Id. at 2. In commencing the FDCPA action against the attorney

11

defendants, the plaintiff alleged that attorney defendants did not review his file prior to initiating the debt collection action, and therefore the affidavit for default judgment based on the attorney defendant's "personal knowledge or review of the file" was necessarily false. Id. at 5-6, fn. 3. The plaintiff reasoned that if the attorney defendant had reviewed his file, the attorney defendant would have noticed the discrepancy of the apartment numbers between the affidavit of service and the plaintiff's Capital One bill. Id.  In rejecting the plaintiff's theory and applying the Twombly/Iqbal standard, the court stated that "[i]t is simply too speculative to infer that [the attorney defendant] never reviewed the file based on a discrepancy between documents that were not material to the matter set out in his affidavit and conjecture about how [the attorney defendant] would have acted had he noticed this discrepancy." Id. at 6- 7.

The facts surrounding the instant case are nearly identical. Plaintiff alleges that when the Attorney Defendants filed Underlying Action, the plaintiff was not a resident of Kings County and had not signed the contract relevant to the underlying debt in Kings County. (Porter Dec. Ex. A ¶¶ 14, 30). Although not expressly alleged, the plaintiff asks this Court to make the inferential leap that based on the Attorney Defendants' purported failure to recognize plaintiff's alleged current residence, the Attorney Defendants did not review the plaintiff's file. Such allegations do not meet the plausibility standard and are too speculative to survive a motion to dismiss.[8] See Gargiulo,  U.S. Dist. LEXIS 81323 at 6-7.

Aside from the single allegation that the Attorney Defendants incorrectly commenced the Underlying Suit in Kings County, the plaintiff fails to set forth any basis for the conclusory assertion that the Attorney Defendants did not satisfy a "reasonable duty of inquiry" or a "meaningful review" of the plaintiff's file concerning the original debt. Without any facts to

---

[8] Further, in Gargiulo the defendant attorneys actually obtained a judgment against the Gargiulo in the underlying debt collection action. Here, the Attorney Defendants immediately discontinued the Underlying Action after being advised of the plaintiff's alleged current residence in New Jersey. (Porter Dec. Ex. E).

12

support the conclusory statements, plaintiff's claim for violation of section 1692e must be dismissed. See Iqbal, 129 S.Ct. at 1947 (Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief' (citations omitted)); see also Sembler v. Attention Funding Trust, et al., 2009 U.S. Dist. LEXIS 88239 (E.D.N.Y. 2009) (dismissing claims for violation of the FDCPA for failure to establish plausibility).

**B.      Plaintiff's claim for violation of Section 1692f of the FDCPA must be dismissed**

Section 1692f of the FDCPA provides: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. 1692f. Again, in an entirely conclusory manner, plaintiff contends that the Attorney Defendants violated section 1692f of the FDCPA by "using unfair practices in an attempt to collect alleged debts." (Porter Dec. Ex. A ¶ 29.b). Plaintiff makes absolutely not allegations as to what specific "unfair practices" it refers. Nowhere in the amended complaint does the plaintiff articulate "unfair practices." To the extent plaintiff contends that the "unfair practices" consist of the Attorney Defendants' alleged failure to conduct a "meaningful attorney review" of the plaintiff's file, the Attorney Defendants repeat and incorporate the argument in section II.A. of the instant motion.

Regardless, the plaintiff cannot escape the deficiency of his factual allegations, and the claim for violation of section 1692f of the FDCPA must be dismissed. In Ghartey v. Farnsworth, et al., 2010 U.S. Dist. LEXIS 3327 * 10-11 (S.D.N.Y. 2010), the court dismissed the claim for violation of section 1692f where the plaintiff only alleged that the defendants "called him repeatedly and sent him mailings regarding his debt." Id. at 10. Not even those basic allegations are present in this case, and therefore the plaintiff cannot sustain a claim for violation of section 1692f of the FDCPA.

13

### III.    PLAINTIFF'S INDIVIDUAL CLAIM FOR VIOLATION OF SECTIONS 1692I(2)(A) AND (B) MUST BE DISMISSED

Sections 1692i(2)(A) and (B) provide that a debt collector may bring a debt collection action in the "judicial district or similar legal entity" where the debtor signed the contract sued upon, or where the debtor resides when the action is commenced. 15 U.S.C. § 1692i(2)(A), (B). Here, plaintiff contends that the Attorney Defendants violated subsection 1692i(2)(A) by filing the Underlying Action in Kings County instead of the appropriate county in New Jersey, where the plaintiff claims he currently resides. (Porter Dec. Ex. A ¶ 30).

Notwithstanding sections 1692i(2)(A) and (B) of the FDCPA, several courts have refused to find a violation of the FDCPA where there are no allegations to support the defendant's deceptive or harassing intent. The court in Hess v. Cohen & Slamowitz, LLP, 2010 U.S. Dist. LEXIS 1183 * 6 (N.D.N.Y. 2010) explained: "[i]t is widely accepted that the purpose of the FDCPA is to 'protect consumers from a host of unfair, harassing, and deceptive debt collection practices *without imposing unnecessary restrictions on ethical debt collectors.*'" Id. (citing Rivera v. MAB Collections, Inc., 682 F. Supp. 174, 176 (W.D.N.Y. 1988) (emphasis added); accord Katz v. Asset Acceptance, LLC, 2006 U.S. Dist. LEXIS 86634, 2006 WL 3483921 at 2. The Hess Court reasoned that since the debt collector defendant sued the plaintiff in court located in the same county as the plaintiff and within approximately 13 miles of the plaintiff's residency, "the Court has difficulty concluding that Defendant's act, as alleged, was intended to be unfair, harassing, and deceptive." Hess, 2010 U.S. Dist. LEXIS 1183 at 6-7.

In this case, the allegations do not support the Attorney Defendants' intent to engage in unfair, harassing, or deceptive behavior. For example, the affidavit of service prepared by the process server who served Mr. Lagana in the Underlying Action attests that the process server spoke with a Ms. Nina Klimon, A Nei, who lived at Apt. 4F at 2006 Benson Avenue, Brooklyn,

14

New York 11214-4824, and who told the process server Mr. Lagana lived at that same location in Apt. 4D. (Porter Dec. Ex. B).

The Attorney Defendants' good faith is further demonstrated by the fact that despite their conclusion that Kings County was the proper venue, one day after being advised from plaintiff's counsel that plaintiff purportedly resides in New Jersey, the Attorney Defendants' discontinued the Underlying Action. (Porter Dec. Ex. D).

Even accepting the allegations in the amended complaint are true, they utterly fail to allege how filing in Kings County was intended to be unfair, harassing, and deceptive. Rather, the documentary evidence demonstrates that at least one resident in that building believed Mr. Lagana resided there when the Attorney Defendants commenced the Underlying Action. (Porter Dec. Ex. B). Likewise, the documentary evidence also demonstrates that the Attorney Defendants did not prosecute the Underlying Action, but instead immediately withdrew the complaint upon learning that Mr. Lagana purportedly resides in New Jersey. (Porter Dec. Ex. D). Therefore, there are no allegations and no evidence that the Attorney Defendants filed suit against the plaintiff in Kings County in order to be unfair, harassing, or deceptive.

4230633.2

## CONCLUSION

WHEREFORE, defendants Stephen Einstein & Associates, P.C., Stephen Einstein, and Scott Morris request that the Court enter an order, dismissing plaintiffs' amended complaint in its entirety as against them, and granting such other and further relief the Court deems necessary and proper.

Respectfully submitted

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____/s/_____

By:  Richard Porter (RB7890)
      Leanne M. Carvino (LC1553)
150 East 42nd Street
New York, New York 10017
(212) 490-3000
Our File No.:  09120.00223

*Attorneys for Defendants*
*Stephen Einstein & Associates, P.C.,*
*Stephen Einstein, and Scott Morris*

Copies to:

Robert L. Arleo, Esq.
Attorney for Plaintiff
164 Sunset Park Road
Haines Falls, New York 12436
P: (518) 589-5264
F: (518) 751-1801

William F. Horn, Esq.
Attorney for the Plaintiff
188-01B 71st Crescent
Fresh Meadows, New York 11364
P: (718) 785-0543
F: (866) 596-9003

16

4230633.2

Precision Recovery Analytic, Inc.
*formerly known as*
Collins Financial Services, Inc.
P.O. Box 92109
Austin, TX 78709-2109
P: (512) 347-1492
F: (512)-347-1500

17

4230633.2