```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL LAGANA, on behalf of himself and
others similarly situated,
                       Plaintiff,

      -against-

STEPHEN EINSTEIN & ASSOCIATES, P.C.,
*et al.*,
                       Defendants.
------------------------------------------------------------x

10 CV 4456 (KMW)

**ORDER**

WOOD, U.S.D.J.:

    Upon consideration of the parties' request for final approval of the Settlement Agreement ("Agreement") between Plaintiff Michael Lagana ("Plaintiff"), individually and as representative of the class of persons defined below ("Settlement Class"), and Defendants, Stephen Einstein & Associates, P.C., Stephen Einstein, and Scott Morris (collectively, "Defendants"), the Court orders and finds as follows:

    1. This Court has personal jurisdiction over Plaintiff, Defendants, and the Settlement Class, and has jurisdiction over the subject matter of the lawsuit.

    2. Pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule 23"), the Court certifies the Settlement Class, defined as: All persons with addresses in the State of New York who, within the time period of June 4, 2009 to June 4, 2010, received a summons and complaint and an attorney's supporting affirmation in regard to lawsuits commenced by the law firm Stephen Einstein & Associates, P.C. in conjunction with any debt alleged to have been incurred for any personal and/or family and/or household purpose and for which the Plaintiff named in the summons and complaint is an entity doing business as "Collins Financial Services."

    3. In satisfaction of Rule 23's requirements: (1) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (2) common questions of law and fact

dominate over any questions affecting only individual members of the Settlement Class, including whether or not Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by sending written communications to the Plaintiff and the Settlement Class, in the form of complaints and attorneys' supporting affirmations in regard to lawsuits, which falsely implied that attorneys were meaningfully involved with the drafting and preparation of those communications; (3) Plaintiff's claim is typical of the claims of the Settlement Class; (4) Plaintiff, as class representative, has fairly and adequately protected the interests of the Settlement Class; and (5) the questions of law or fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The Court further finds that class counsel, William F. Horn and Robert L. Arleo, are qualified, knowledgeable, and experienced, such that they have fairly and adequately represented the interests of the Settlement Class.

4. On February 8, 2012, the Court approved a form of notice for mailing to the Settlement Class.  On February 17, 2012, actual notice was sent by first-class mail to approximately 339 Settlement Class members by First Class, Inc., the settlement administrator.  As of June 7, 2012, a total of 94 notices from the initial mailing were returned as undeliverable, with no forwarding address or further information provided by the U.S. Postal Service.  Due to an error by Defendants in preparing the list of Settlement Class members, the Court ordered that the parties re-serve the notice to the Settlement Class with an errata sheet explaining the error.  On April 20, 2012, First Class, Inc. re-served the notice to approximately 356 Settlement Class members.  As of June 7, 2012, a total of 18 notices were returned as undeliverable, with no

forwarding address or further information provided by the U.S. Postal Service. One (1) notice was returned by the U.S. Postal Service with a new address and re-mailed.

5. No Settlement Class members requested exclusion from the Settlement Class, and no objections were filed or received by the parties or by the Court.

6. On June 4, 2012, the Court held a fairness hearing to which all Settlement Class members, including any with objections, were invited. No objections were made at the hearing.

7. The Court finds that the notice given to the Settlement Class satisfies the requirements for due process under the Federal Rules of Civil Procedure and the United States Constitution.

8. As set forth in the notice, the Settlement Agreement proposed by the parties provides for the following:

>   a. <u>Release</u>. The named Plaintiff and each Settlement Class member not opting out shall, as of the effective date of the settlement, be deemed to release and discharge forever the Defendants and their heirs, their current and former officers, directors, successors, predecessors, executors, administrators, insurers, assigned, shareholders, affiliated companies, and employees ("Released Parties"), from all claims and controversies arising from the allegations set forth in the class action complaint. Said allegations are limited to lawsuits that may have been filed by Defendants that name Collins Financial Services as plaintiff therein. Nothing in this Release shall be deemed to release the Released Parties from any claims, controversies, actions, causes of actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA, or liabilities of any kind whatsoever in law or equity, which

cannot be reasonably construed to have arisen from the identical factual predicate that is set forth in the class action complaint.

b. <u>Payment to Settlement Class Members</u>. Defendants will tender $1,700 as a Cy Pres payment to Legal Aid Society. Plaintiff will receive $1,000 in statutory damages and $1,500 as compensation for his services as class representative.

c. <u>Attorneys' Fees and Expenses</u>. Plaintiff's attorneys will receive reasonable attorneys' fees and expenses. The parties have agreed to a total award of $30,800, which the Court finds reasonable in light of the attorneys' time and billing records. (*See* Declaration of William F. Horn in Supp. of Award of Attorney's Fees and Costs ¶ 11.)

9. The Court finds that the Settlement Agreement entered into by the parties is fair, reasonable, and adequate. The Court therefore approves the Settlement Agreement.

10. The Court dismisses the claims of Plaintiff and the Settlement Class against Defendants with prejudice and without costs. The Court retains exclusive jurisdiction to enforce the terms and provisions of this Order and the Settlement Agreement.

**The Clerk of Court is directed to close this case. Any pending motions are moot.**

SO ORDERED.

DATED:   New York, New York
         June 26, 2012

_____
KIMBA M. WOOD
United States District Judge

4